**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| EDWARD KAPP | : | |
| | : | |
| | : | Civil Action No. 09-704 (SRC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| TRUCKING EMPLOYEES OF NORTH | : | |
| AMERICA WELFARE FUND, INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court upon the motion for summary judgment filed by
Defendants (docket item #17).   Plaintiff Edward Kapp has opposed this motion (docket item #24)
and filed his own motion for summary judgment (docket item #19).  This Court has considered the
submissions by the parties in connection with these motions, and for the reasons set forth below, the
Court grants the motion for summary judgment filed by Defendants (docket item #17) and denies
the motion for summary judgment filed by Plaintiff Edward Kapp (docket item #19).

## FACTUAL BACKGROUND

As put forth in Plaintiff's Complaint, Plaintiff, a truck driver, is a member of the Trucking
Employees of North Jersey Welfare Fund, Inc. Pension Fund ("TENJ Fund") (Complaint at 4).
Defendant TENJ Fund is a pension fund associated with Local 560 of the International Brotherhood
of Teamsters (Complaint at 5).  Defendants the Trustees of the TENJ Fund are the fiduciaries of the
fund in charge with its overall governance.  The plan states that "a participant shall be eligible for
a Pro-Rata Pension under this Plan if [he/she] meets all of the following requirements: He would be

eligible for a Normal, Regular, Early, Service, Deferred or Disability Pension under this Plan based on: at least 15 years of Combined Pension Credits . . . ." (Section 6.04(a)(i)(A)) (Complaint at 18). Plaintiff was denied a pension on February 24, 1999, as it was determined that he had only earned 10 years of combined pension credits prior to an alleged break in service. (Complaint at 21). On July 30, 2007, Plaintiff requested reconsideration of his application. The reconsideration request was denied on March 12, 2008. Plaintiff asserts that he had 13.5 years of credits. Additionally, Plaintiff asserts that pension plans that require more than 10 years of credits are contrary to the Employment Retirement Income Security Act ("ERISA") (Complaint at 22). Defendants assert that the plan is entirely appropriate and the Plaintiff failed to obtain the necessary years of pension credits.

## STANDARD

The standard upon which a court must evaluate a summary judgment motion is well-established. Federal Rule of Civil Procedure 56© provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Kreschollek v. S. Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. See Boyle v. County of Allegheny Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, the non-moving party "must do more than simply

show that there is some metaphysical doubt as to material facts."  Matsushita Elec. Indus. Co., Ltd.

v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Anderson, 477 U.S. at 247-48.  The

Supreme Court has held that and Rule 56(e) "requires the nonmoving party to go beyond the

pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and

admissions on file," designate "specific facts showing that there is a genuine issue for trial." Celotex,

477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)); Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974

F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) ("to raise a genuine issue of

material fact . . . the [non-moving party] need not match, item for item, each piece of evidence

proffered by the movant," but  "must exceed the 'mere scintilla' threshold").

## ANALYSIS

Plaintiff asserts that the 15 year vesting schedule as required under the applicable pension

plan is impermissible under ERISA.  See Smith v. Contini, 205 F.3d 597 (3rd Cir. 2000).  In Smith,

the Third Circuit considered the question of wether a pro-rata pension benefit[1] is covered by ERISA

Section 203(a)(2)(A), which states, in relevant part:

> Each pension plan shall provide that an employees right to his normal
> retirement benefit is nonforfeitable upon the attainment of normal retirement age [and]
> a plan satisfies the requirements of this subparagraph if an employee who has
> completed at least 10 years of service has a nonforfeitable right to 100 percent of the
> employee's accrued benefit derived from employer contributions.

The Smith Court held that the "Pro-rata Pension is subject to the vesting requirements set

forth in ERISA section 203 and thus an employee must be provided with a nonforfeitable right to

---

[1]Under a pro-rata pension, "the credits earned in the jurisdiction of the reciprocating
pension funds are counted for both vesting and service credits as if they were earned within the
jurisdiction of the decision-making fund.  As put forth in Section 6.01 of the TENJ plan, Pro-rata
Pensions are provided under this Plan for Participants who would otherwise be ineligible because
their years of employment have been divided between Covered Employment [i.e. within the
jurisdiction of Local 560 and the TENJ Plan] and employment covered by another pension plan."
(Complaint at 12-13).

his normal retirement benefit if the employee has completed ten years of service." 205 F.3d at 604. Despite the holding of Smith, which was rendered in the year 2000, Defendants retained the 15 year vesting requirement. The parties agree that Plaintiff did not meet the 15 year requirement (See Plaintiff's Statement of Facts, par. 19.) The fundamental issue is, as discussed, whether such requirement runs afoul of ERISA. The Court, however, need not explore this issue as all claims must be dismissed on statute of limitations grounds.

Although ERISA does not set forth a statute of limitations for suits brought under Section 502, Courts generally look to the most analogous statute of limitations - the six year statute of limitations for contract actions. Connell v. Trustees of the Pension Fund of the Union Workers District Council of N. New Jersey, 188 F.3d 154, 156, n.4 (3d Cir. 1997). Kapp's application for a pension was denied on February 24, 1999, yet the instant action was not file until February 18, 2009, well outside the applicable six-year limitations period.

Plaintiff asserts that he did not have any knowledge of any ERISA violation until 2007, and, therefore, any cause of action did not accrue until that time. He contends that "ERISA does not require plan participants and beneficiaries likely unfamiliar with the intricacies of pension plan formulas and the technical requirements of ERISA, to become watchdogs over potential plan errors and abuses," Miller v. Fortis Benefits Ins. Co., 475 F.3d 516, 522 (3d Cir. 2007), and, thus, his failure to timely file is excused. Relatedly, Plaintiff asserts that there is a continuing nature of a trustee's duty under ERISA. According to Plaintiff, "[i]f knowledge of an ERISA violation barred claims based on similar future conduct, this continuing fiduciary duty would be severely weakened, and trustees would be left free to engage in repeated violations, so long as they have once been discovered but not sued." Martin v. Consultants & Admrs., 966 F.2d 1078, 1088 (2d. Cir. 1992).

The isolated comments which Plaintiff cites are not applicable.  Plaintiff applied for a pension and it was denied.  The denial was a discrete act and the harm suffered was immediate - not a continuing violation.  Miller, 475 F.3d at 522 (declining to adopt the "continuing violation theory" as the harm suffered was a clear triggering act).  Moreover, while ERISA may not require participants to become watchdogs, neither does it permit them to sit for years after a cause of action accrues - particularly when they were represented by counsel during the process of applying for the pension.  Id. at 523 ("requiring him to do so within six years of [pension denial] does not impose on him a burdensome oversight role.")

Kapp's application for a pension was denied on February 24, 1999, yet the instant action was not file until February 18, 2009, well outside the applicable six-year limitations period.  Connell, 188 F.3d at 156, n.4 (3d Cir. 1997).  Plaintiff has failed to demonstrate any applicable tolling theory.  While a participant may not be required to know the "intricacies of pension plan formulas," Plaintiff had the knowledge to apply for a pension, seek reconsideration of the denial and, ultimately, file suit.  At the time of denial, the applicable statute of limitations was clearly six-years.  Id.

## CONCLUSION

Based on failure to comply with the statute of limitations, the Court grants the motion for summary judgment filed by Defendants (docket item #17) and denies the motion for summary judgment filed by Plaintiff Edward Kapp (docket item #19).  An appropriate form of Order will be filed together with this Opinion.

May 24, 2010                        s/ Stanley R. Chesler
                                    STANLEY R. CHESLER, U.S.D.J.